UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IVORLENA M. SMITH,            )<br>                                           )<br>     *Plaintiff,*                  )<br>                                           )<br>v.                                       )<br>                                           )<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security,[1] )<br>                                           )<br>     *Defendant*                )  | *No. 1:12-cv-300-NT* |

## REPORT AND RECOMMENDED DECISION[2]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge erroneously failed to find that her right shoulder condition was a severe impairment; that the residual functional capacity ("RFC") that the administrative law judge assigned to her was not supported by substantial evidence; that the administrative law judge improperly evaluated her chronic pain disorder; that he gave improper weight to the opinions of Dr. Leslie Fernow, a treating physician; and, that the testimony of the vocational expert was based on an improper hypothetical question. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.910, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982),

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 13, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

the administrative law judge found, in relevant part, that the plaintiff suffered from affective disorder, anxiety disorder, and chronic pain disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 U.S.C. Part 40 (the 'Listings"), Findings 2-3, Record at 17-19; that she retained the RFC to perform light work, except that she could stand and/or walk for 6 hours out of an 8-hour workday, could sit for 6 hours out of an 8-hour workday, could occasionally balance, stoop, kneel, crouch, crawl, or climb ramps, stairs, ladders, ropes, or scaffolds, must avoid moderate exposure to respiratory irritants and hazards, was capable of low stress work, defined as simple work up to 4-step instructions, could interact with supervisors and coworkers, and must have no public contact, Finding 4, *id.* at 21; that she had no past relevant work, Finding 5, *id* at 25; that, given her age (36 on the date the application was filed, April 23, 2008), at least high school education, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.* at 25; and that, as a result, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from April 23, 2008, through the date of the decision, July 13, 2010, Finding 10, *id.* at 26.  The Appeals Council declined to review the decision, *id.* at 7-9, making it the final decision of the commissioner.  20 C.F.R. § 416.1484(a)-(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to

2

support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's itemized statement also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issue

The plaintiff contends that the administrative law judge should have found that her right shoulder condition constituted a severe impairment. Statement of Specific Errors ("Itemized Statement") (ECF No. 14) at 1-6. The administrative law judge addressed the plaintiff's alleged right shoulder impairment as follows:

3

> The undersigned further finds that the claimant's diagnos[i]s for . . . right-shoulder AC joint degenerative joint disease . . . [is a] "non-severe" medically determinable impairment[] as [it has] no more than a minimal effect on the claimant's ability to perform basic work-related and/or do[es] not satisfy the 12-month durational requirement.
>
> Treatment records note the claimant's history of neck pain and right-shoulder pain with complaints of paresthesia into her upper extremities following a November 2008 fall. An MRI of the claimant's right[ ]shoulder obtained on July 15, 2009, revealed moderate AC joint degeneration. In August 2009, Richard B. Swett, M.D. (Dr. Swett) examined the cla[i]mant noting subacromial tenderness with limited range of motion and positive impingement maneuvers. Dr. Swett, based on his examination and review of all diagnostic imaging, diagnosed the claimant with right-shoulder pain probably due to the combination of subacromial impingement and AC joint arthritis and recommended steroid injections. In October 2009, Peter W. Thompson, M.D. (Dr. Thompson) noted that her course of injections aggravated the claimant's pain and then returned to baseline. However, on November 3, 2009, the claimant reported that she was carrying a television when she dropped it on her right great[] toe. She testified that she was able to carry the television by holding it against her stomach. However, the evidence of record, including objective medical findings and the claimant's level of activity suggests that her right[]shoulder impairment has no more than a minimal effect on her ability to perform work-related activities on a regular and continuing basis. On March 31, 2010, Joyce Niles, N.P. (Ms. Niles) examined the claimant noting trigger point myofascial pain to her right[]shoulder blade and diagnosed her with myofascial pain syndrome and fibromyalgia.

Record at 17-18 (citations omitted).

Pointing out that the RFC assigned to her by the administrative law judge includes no limitations on her use of her right upper extremity, the plaintiff contends that the administrative law judge's reliance on the report of Dr. Richard Chamberlin, a state-agency reviewing physician who did not examine the plaintiff, is misplaced because he did not see the records of Dr. Swett, Dr. Thompson, or Dr. Fernow (after January 19, 2009), nor did he see the plaintiff's right-shoulder MRI report dated July 14, 2009. Itemized Statement at 5. Dr. Chamberlin's report is dated February 13, 2009. Record at 550.

4

As can be seen in the portion of the administrative law judge's decision quoted above, he dealt with the subsequent MRI report and the reports of Drs. Swett and Thompson himself. Dr. Fernow's post-January 19, 2009, notes record the plaintiff's continuing reports of pain in her right shoulder, but ascribe no physical limitations to that pain. *Id*. at 577-82. Indeed, the notes record that on April 6, 2009, the plaintiff was "beginning to be able to use [the right shoulder] more." *Id*. at 582. [3]

The plaintiff identifies no work-related physical limitations due to her right shoulder pain that are diagnosed by either Dr. Swett or Dr. Thompson in the records at issue. Itemized Statement at 5. She incorporates by reference, *id*. at 5-6, a later section of her itemized statement in which she asserts that Dr. Fernow "indicated that the recent shoulder injury from a fall 'is limiting the range of motion of Arm.'" *Id.* at 7. This is a slim reed upon which to base a remand of the commissioner's decision, particularly at Step 2, and other factors counsel against such a result.

First, the plaintiff's recounting of Dr. Fernow's note is incomplete. In full, with all possible references to the right shoulder, on January 28, 2009, it provides:

> She cannot do heavy lifting > 25 pounds[]. . . . She is able to use hands in unlimited fashion, and can raise arms over head infrequently (ie periodically but not continually), although at present she has a recent shoulder injury from a fall which is limiting the range of motion of R arm. I expect this to improve.

Record at 586. And, slightly more than two months later, on April 6, 2009, it had improved. *Id*. at 582. An impairment must have lasted or be expected to last for more than 12 months. 20 C.F.R. § 416.909. The plaintiff has not made a 12-month showing.

---

[3] At oral argument, the plaintiff's attorney asserted, without citation to the record, that Dr. Fernow had limited the plaintiff to reaching with her right arm less than 20% of a normal work day. This limitation is recorded by Dr. Fernow on a form dated May 21, 2009. Record at 567-68.

5

Next, one of the two jobs identified by the vocational expert and adopted by the administrative law judge as available to the plaintiff, hand bander, requires reaching frequently, that is, from 1/3 to 2/3 of the time, *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991) § 920.687-026.[4] Assuming that all of the reaching is overhead on the right, this job would not fit within Dr. Fernow's 20% limitation on such reaching. However, the plaintiff has not demonstrated that the administrative law judge was required to adopt this limitation. For example, Dr. Webber, the medical expert who testified at the hearing, said that, on the record presented, he could not evaluate the physical limitations attributable to the pain in the plaintiff's right shoulder, Record at 746, and the administrative law judge credited that testimony, *id.* at 24.

The plaintiff has failed to demonstrate that any error in finding that her right shoulder pain was not a severe impairment was other than harmless.

## B. RFC

The plaintiff next argues that the RFC assigned to her by the administrative law judge is not supported by substantial evidence. Itemized Statement at 6-8. Here, the plaintiff slightly modifies her earlier contention about the unreliability of Dr. Chamberlin's opinion, upon which the administrative law judge relied. In addition to the record information already discussed, the plaintiff points to an entry by Dr. Swett on August 18, 2009, and a form filled out by Dr. Fernow in May 2009, Record at 568, five months after she had stopped treating the plaintiff, *id.* at 744. Of course, the legal test is whether the administrative law judge's formulation is supported by substantial evidence, not whether there is medical evidence in the record that is inconsistent with it.

---

[4] The other identified job, packing line worker, DOT § 753.687-038, requires constant reaching, that is, 2/3 or more of the time.

Because the plaintiff's discussion of this issue is limited to a contention that Dr. Chamberlin's report is not sufficient evidence to support the RFC because it "contains no discussion of the Plaintiff's right shoulder condition[,]" Itemized Statement at 7, the outcome with respect to this argument is the same as that set out immediately above. The error, if any, is harmless under the conditions of this case.[5]

### C. Chronic Pain Disorder

The plaintiff next contends that the RFC assigned to her by the administrative law judge "is in conflict with the definition of a pain disorder[,]" *id*. at 8, despite the fact that he found that she suffered from the severe impairment of chronic pain disorder. Specifically, she challenges the administrative law judge's "[r]eliance on the objective medical evidence" as "not an appropriate measure to determine the impact and resulting limitations of the Plaintiff's chronic pain syndrome." *Id* at 10-11.

The plaintiff asserts without citation to authority that chronic pain disorder is "a subset of Somatoform Disorders" and then quotes the definition of somatoform disorders from the *Diagnostic and Statistical Manual Of Mental Disorders* (4th ed.). *Id*. at 10. Social Security regulations define somatoform disorders as mental impairments, Listing 12.07, but it appears that the administrative law judge treated his finding of chronic pain disorder as a physical impairment. Record at 17, 22, 24-25. The plaintiff's presentation of this argument suggests that she also considers the chronic pain disorder to be physical in nature. Itemized Statement at 10-

---

[5] At oral argument, the plaintiff's attorney asserted that the administrative law judge, in formulating his RFC, could not have taken into account any pain emanating from the plaintiff's right shoulder because "otherwise it would have been a severe impairment." This argument turns long-standing Social Security case law on its head. An administrative law judge is required to take into account in formulating an RFC any limitations caused by any impairment, including those found not to be severe. *E.g., Evans v. Colvin*, No. 2:12-cv-235-JAW, 2013 WL 2145637, at *3 (D. Me. Apr. 26, 2013). From all that appears, that is what happened in this case.

11. In any event, the characterization of the disorder is not determinative for purposes of this appeal.

The plaintiff's argument, taken to its logical end, would require the defendant to accept without question the testimony of a claimant as to the impact of her perceived pain on her ability to perform work-related functions, once the diagnosis of chronic pain disorder has been made by a treating medical professional. That is not a correct statement of applicable Social Security law. The credibility of a claimant's testimony about pain must always be considered. 20 C.F.R. § 416.929(c)(4). The only authority cited by the plaintiff, *Ramos v. Barnhart*, 60 Fed.Appx. 334, 2003 WL 1411959 (1st Cir. Mar. 21, 2003), is readily distinguishable. In that case, the administrative law judge rejected the opinions of a primary treating physician and two examining physicians that the claimant suffered from a somatoform disorder. *Id*. at 335-36, 2003 WL 1411959 at **2.

The psychologist who testified as a medical expert at the hearing before the administrative law judge said that the plaintiff "has some overacting with her pain problems" and that she suffered from moderate problems in concentration due to pain, but could perform low stress work. Record at 742. The physician who testified as a medical expert, on the other hand, said that the plaintiff had a chronic pain syndrome and that he could not say that she would be able to work for "a longitudinal period." *Id*. at 747. The administrative law judge credited the testimony of the first medical expert and rejected that of the second, *id*. at 21, 24, as he was fully entitled to do.

The plaintiff complains that the administrative law judge "failed to identify which [activities of daily living] he found to be inconsistent with her functional activities of daily living," Itemized Statement at 11, but he discussed those activities at some length. *Id*. at 19-20,

8

22. The fact that this discussion is "in the context of how they were limited by her chronic pain[,]" Itemized Statement at 11, makes then no less relevant to the administrative law judge's assessment of the plaintiff's credibility.

The plaintiff is not entitled to remand on this basis.

### D. Treatment of Dr. Fernow's Opinions

The plaintiff challenges the administrative law judge's choice to give limited weight to the opinions of Leslie Fernow, M.D., who treated her "for a number of years." *Id*. at 11-15. She first contends that those opinions should have been given controlling weight. *Id.* at 14. However, controlling weight is accorded to a treating source's opinion only when it "is not inconsistent with the other substantial evidence in your case record[.]" 20 C.F.R. § 416.927(d)(2); *see, e.g., Hadley v. Astrue*, No. 2:10-cv-51-GZS, 2010 WL 5638728, at *3-*4 (D. Me. Dec. 30, 2010).

In this case, the administrative law judge addressed Dr. Fernow's opinions as follows:

> The undersigned notes that every physician has a different opinion. . . . Leslie Fernow, M.D. (Dr. Fernow), the claimant's primary care physician, opined that the claimant could perform work activity somewhat consistent with a light exertional capacity, but that she would miss more than 3 days per month due to her impairments or for treatment. However, Dr. Webber testified that the findings, on this point, do not reflect such a degree of impairment.
> * * *
> The undersigned attributes special but limited weight to the opinion of Dr. Fernow, the claimant's longstanding treating physician, as other medical opinions are more consistent with the evidence of record and therefore more persuasive to this analysis.

Record at 24 (citations omitted). The administrative law judge also set out the weight he assigned to other medical opinions and his reasons for doing so. *Id*. at 24-25.

This portion of the administrative law judge's opinion met the regulatory requirement. It may well be, as the plaintiff argues, that Dr. Fernow's opinions are supported by the testimony of

Dr. Webber, the medical expert. But, again, the test is not whether the record contains substantial evidence inconsistent with the administrative law judge's conclusions; rather, it is whether there is substantial evidence in the record supporting those conclusions.

The plaintiff's argument on this point is largely based on her contention, which I have rejected, that Dr. Chamberlin's opinion, to which the administrative law judge gave "great" weight, *id*. at 24, must be disregarded because it is not supported by substantial evidence. Itemized Statement at 14.

### E. Vocational Expert Testimony

The plaintiff's final argument, that the testimony of the vocational expert at the hearing was "not relevant" because the hypothetical question posed to the expert by the administrative law judge did not include "any restrictions related to the Plaintiff's right shoulder condition[,]" *id*. at 15-16, is completely derivative of, and dependent upon, her earlier argument about that condition, which I have rejected. This argument accordingly fails as well. *See Mardorf v. Astrue*, No. 1:11-cv-81-GZS, 2012 WL 292311, at *3 n.2 (D. Me. Jan. 30, 2012).

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2013.

                                                 /s/ John H. Rich III
                                                 John H. Rich III
                                                 United States Magistrate Judge